Curia, per

DunkiN, Ch.
Where a deed is set aside as interfering with the rights of creditors, it is, as to those creditors, as if it had never existed. A party may honestly conceive himself able to make a settlement, and yet reserve an abundant estate to satisfy his creditors, as in Izard v. Izard; or, as in this case, he may, by the deed, provide a fund for the payment of debts, and settle the residue. In neither case is there any moral fraud. But, in both, the deeds were set aside, because the fund, supposed to be abundant, proved insufficient. The effect of setting aside the deeds is to leave the creditors to enforce their claims and obtain satisfaction according to their legal priorities; or, if this Court takes charge of the fund, to direct them to be paid according to their legal rank. This rule has been well established from an early period; see Austen v. Bell and Codwise v. Golston; nor js the Court aware of any decision to the contrary. The PriuciPle is ^Hy recognized by the Court in McDermott v. Strong, and has been uniformly regarded by our own Courts, as may be seen by reference to the cases of McMeekin v. Edmonds and Fuller v. Anderson. The principle is, that this. Court will not disturb legal liens. If, as in Le Prince v. Guillemot, the assigned estate has been sold, and only the *59 fund was in the hands of the assignee when judgment was rendered, the judgment created no lien, and the judgment creditor was held entitled to no priority. But, in the case before the Court, the property was subject to a lien until the sale by the Commissioner, the voluntary deed of the debtor being regarded as a nullity.
It is ordered and decreed that the appeal of the execution creditors be sustained, and that the decretal order be reformed according to the principles herein declared.
The whole Court concurred.

Decretal order reformed.